IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUCY CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-836-WKW |
| ) | [WO] |
| JACKSON HOSPITAL & CLINIC, INC., ) | |
| ) | |
| Defendant. ) | |

## **PRETRIAL ORDER**

A pretrial hearing was held on this case on September 20, 2013, wherein the following proceedings were held and actions taken:

**1.    PARTIES AND TRIAL COUNSEL**

        Lucy Clark (Plaintiff)        Heather Leonard
                                          Heather Leonard, P.C.
                                          P.O. Box 43768
                                          Birmingham, AL 35243
                                          205-977-5421
                                          Fax: 205-278-1400
                                          heather@heatherleonardpc.com

        Jackson Hospital &
        Clinic, Inc.                        Amanda Craft Hines
                                          Benjamin Collier Wilson
                                          Rushton Stakely Johnston & Garrett PA
                                          PO Box 270
                                          Montgomery, AL 36101-0270
                                          334-206-3194
                                          Fax: 334-481-0831

Email: ach@rushtonstakely.com
Email: bcw@rsjg.com

## COUNSEL APPEARING AT PRETRIAL HEARING:

Same as trial counsel

2. **JURISDICTION AND VENUE:**

   (a) Plaintiff's Complaint (Doc. 1) alleges a claim for disability discrimination in violation of the Americans with Disabilities Act, as amended ("ADA"). It also alleges claims for violation of the Family and Medical Leave Act ("FMLA").

   (b) Subject matter jurisdiction exists on the basis of federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343.

   (c) Venue in the Middle District of Alabama, Northern Division is proper under 28 U.S.C § 1391(b) and (c) in that Defendant operates in this district and employed the plaintiff in this district.

   (d) All jurisdictional and procedural requirements prerequisite to maintaining this action have been met.

3. **PLEADINGS:**   The following pleadings and amendments were allowed:

   Doc. 1            Complaint

   Doc. 5            Answer

4. **CONTENTIONS OF THE PARTIES:**

   (a)   The Plaintiff

Plaintiff Lucy Clark alleges the Defendant violated the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA") with respect to the way it treated her efforts to return to work following completion of FMLA leave for medical treatment of addiction/substance abuse. The Defendant

has offered changing, and admittedly untrue, reasons for why it did not return Ms. Clark to work after she completed approved FMLA leave for medical treatment for addiction. Defendant told Ms. Clark it could not reinstate her because her job had been filled while she was on leave. This was untrue; her job remained open after her termination. The duties Ms. Clark could perform before and after her FMLA leave were identical, but the Defendant represented to the EEOC that the restrictions prohibited her reemployment. Defendant opposed Ms. Clark's unemployment benefits application finally arguing she engaged in misconduct, even though the termination letter to Plaintiff (and the termination form completed by the Defendant's HR Director) make no reference to any misconduct. Plaintiff challenges the Defendant's failure to reinstate her and decision to terminate her as unlawful under the ADA.

Ms. Clark alleges the Defendant discriminated against her under the ADA because of her disability, addiction. Ms. Clark was protected by the ADA's "safe harbor" for rehabilitation. When Ms. Clark was released to return to work, the Defendant refused to accommodate her work restrictions (that had existed prior to her taking leave) and terminated her employment.

Ms. Clark seeks the damages authorized by the ADA: backpay from the date she was refused reinstatement (August 1, 2011) to the date she found new employment (April 17, 2012); liquidated damages equal to her backpay; compensatory damages to be determined by the trier of fact; punitive damages to be determined by the trier of fact; injunctive relief; pre-judgment interest; and costs (including a reasonable attorney's fee).

(b)    The Defendant

In May 2009, the Plaintiff, Lucy C. Clark, applied for a position as a registered nurse. Clark advised the hospital recruiter that she was participating in the Voluntary Disciplinary Alternative Program (VDAP), a substance abuse treatment program administered by the Alabama Board of Nursing. Jackson hired Clark and placed her in the admission unit, which is a "low acquity" unit with limited use of narcotics. In June 2010, Jackson closed the admission unit thereby eliminating Clark's position. Clark was transferred into a position in a progressive care unit known within the hospital by its location: 3 East.

Sometime in early 2011, Clark, without authorization and in clear violation of hospital policies and state and federal law, began to take IV Dilaudid, a narcotic pain medication, from the hospital's inventories.  On an unknown number of occasions, Clark administered Dilaudid to herself by intravenous injection while on duty as a registered nurse in progressive care.  After suspicions were raised, Clark's managers conducted an investigation into her activities.  This investigation yielded evidence that Clark was stealing narcotics from the hospital's supplies. Clark was confronted by supervisors and human resource representatives on or about April 15, 2011.  At that point, Clark agreed to submit to a drug test.  The following day, Clark confessed to diverting IV Dilaudid and self-medicating with the narcotic. Although Clark, having violated hospital policies and state and federal law, was subject to immediate termination and criminal prosecution, she was advised that she had 24 hours to report herself to the Board of Nursing and she was placed on a leave of absence pending an initial response by the Board.

The Board of Nursing allowed Clark to undergo renewed substance treatment in a program administered by UAB, and on May 9, 2011, Clark was afforded a leave of absence under Jackson Hospital's Family & Medical Leave Policy.  Through its self-insuring health plan, Jackson paid for a portion of Clark's renewed substance abuse treatment at UAB.

Clark's family/medical leave expired on July 31, 2011.  Although Clark contacted Linda Hill, the hospital's recruiter, about returning to work, she did not present her new VDAP order ("the 2011 VDAP Order") prior to the expiration of her family/medical leave.  As a consequence, Clark was placed on a general leave of absence until her license status was clarified and available to the hospital.

When Clark was cleared to return to work, she was subject to renewed practice restrictions as articulated in the 2011 VDAP Order.  Jackson declined to return Clark to her specific prior position in the progressive care unit.  This decision was based on a policy, driven primarily by patient safety concerns, against returning a nurse previously found to have taken controlled substances to a position in any of the hospital's high-acuity units (e.g., surgery, emergency, labor & delivery, and progressive care).  On August 15, 2011, Gilbert Darrington, the hospital's director of human resources, advised Clark that she would not return to progressive care and that she had 30 days from August 1, 2011 to secure another position within the hospital. While Clark communicated with Linda Hill about certain vacancies in other nursing positions, she was not qualified for any of the positions about which

she inquired. On September 1, 2011, Clark was advised that her employment was being terminated.

Finally, Clark cannot establish a violation of the Americans with Disabilities Act (ADA) as she is not entitled to the protections of the ADA as she was a "current user" of illegal drugs at the time of the events she places in issue. Congress expressly excluded "current users" of illegal drugs from coverage under the ADA. Alternatively, if the ADA applies, Clark was not "otherwise qualified" for a nursing position in the progressive care unit, and Jackson will establish a legitimate non-discriminatory reason for its refusal to reinstate Clark to her nursing position. Further, in the event ADA applies to Clark, she has failed to establish that Jackson had any obligation to provide a "reasonable accommodation."

Jackson did not violate the ADA and thus Clark is not entitled to any relief requested, including her request for backpay from the date she was refused reinstatement (August 1, 2011) to the date she found new employment (April 17, 2012); liquidated damages equal to her backpay; compensatory damages; punitive damages; injunctive relief; pre-judgment interest; or attorneys fees and costs.

5. **STIPULATIONS BY AND BETWEEN THE PARTIES:**

   1. Plaintiff Lucy Clark applied for a registered nurse position with Defendant Jackson Hospital & Clinic, Inc. ("JHC") in May 2009.

   2. JHC hired Mrs. Clark to work as a registered nurse in the admissions unit.

   3. In June 2010, Jackson closed the admissions unit resulting in the elimination of Mrs. Clark's RN position.

   4. Immediately upon the elimination of Mrs. Clark's position in the admissions unit, she was placed as an RN in the progressive care unit.

   5. In August 2009 and March 2010, Mrs. Clark had two hernia repair surgeries that led her to take time off from work.

   6. Mrs. Clark suffered a relapse in her addiction.

7. After being confronted with evidence of diversion by JHC, Mrs. Clark confessed to JHC of diverting.

8. JHC gave Ms. Clark the opportunity to self-report to the Alabama Board of Nursing ("ABN") and seek treatment.

9. Mrs. Clark sought and received leave under the Family and Medical Leave Act ("FMLA") for substance abuse treatment at the University of Alabama at Birmingham Medical Center ("UAB").

10. Prior to the expiration of Mrs. Clark's FMLA leave/prior to her being scheduled to leave treatment, Mrs. Clark contacted Susan Hill, the Director of Nurse Recruitment, about returning to work.

11. Mrs. Hill told her that when she was released, she needed to bring in the executed ABN papers allowing her to return to work.

12. Mrs. Clark executed the ABN papers (the new VDAP agreement) on August 1, 2011.

13. Gilbert Darrington in Human Resources sent Clark a letter dated August 15, 2011 advising her that she had a period of thirty (30) days from August 1, 2011 to find another position within the hospital.

14. On September 1, 2011, JHC terminated Mrs. Clark's employment.

6. The jury selection and trial of this case, which is to last three days, is set for **October 21, 2013**, at **10:00 a.m.**, in the Frank M. Johnson, Jr. U.S. Courthouse, One Church Street, Montgomery, Alabama.

7. If there is more than one case to be tried, a trial docket will be mailed to counsel for each party approximately one week prior to the start of the trial term.

8. The parties shall file any requested voir dire questions, motions *in limine* fully briefed, and proposed jury instructions and proposed verdict forms with legal citations, on or before **October 7, 2013**. The opposing party is DIRECTED to file a response to any motion *in limine* on or before **October 15, 2013**.

9. The parties are not required to file trial briefs, but if they choose to do so, the briefs shall be filed on or before **October 7, 2013**.

10. The parties shall jointly prepare and submit to chambers on or before **October 15, 2013**, three copies of a three-ringed binder of pre-marked exhibits. The binder shall contain joint exhibits (*i.e.*, those exhibits that are relevant, not subject to objections, and certain to be introduced at trial); Plaintiff's exhibits that are or may be contested; and Defendant's exhibits that are or may be contested. On the same date, the parties shall jointly prepare and submit to chambers three copies of the exhibit list, which shall delineate all objections to exhibits and responses to objections. The parties shall direct questions about this procedure to the law clerk assigned to the case.

11. The parties shall review and comply with the Middle District of Alabama's Order on the E-Government Act.

12. All deadlines not otherwise affected by this order will remain as set forth in the Uniform Scheduling Order.

13. The parties have indicated that there are no other disputes at this time.

All understandings, agreements, deadlines and stipulations contained in this Order shall be binding on all parties unless modified by the court.

The court has modified the parties' contentions in the pretrial order to correspond with the court's opinion on summary judgment. The parties may file any objections to the modifications of the contentions **on or before October 1, 2013**.

DONE this 27th day of September, 2013.

                                           /s/ W. Keith Watkins
                                   CHIEF UNITED STATES DISTRICT JUDGE